Filed 9/7/21  P. v. Bishop CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081296 |
| Plaintiff and Respondent, | |
| v. | (Fresno Super. Ct. No. F19904586) |
| GARY ALAN BISHOP, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Joseph M. Ahart, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Meehan, J. and De Santos, J.

## INTRODUCTION

Appellant and defendant Gary Alan Bishop entered into a negotiated disposition to felony charges and was sentenced to four years. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## PROCEDURAL BACKGROUND

On July 12, 2019, a felony complaint was filed in the Superior Court of Fresno County charging defendant with count 1, unlawfully taking or driving a vehicle with intent to deprive the owner of possession, a U-Haul (Veh. Code, § 10851, subd. (a)) and count 2, receiving a stolen motor vehicle, a U-Haul (Pen. Code, § 496d, subd. (a)),[1] with a prior conviction allegation for receiving a stolen motor vehicle (§ 666.5, subd. (a)), and three prior prison term enhancements (§ 667.5, subd. (b)).

On July 26, 2019, defendant pleaded no contest to a felony violation of count 1, admitted the value of the property exceeded $950, and pleaded no contest to the prior conviction allegation under section 666.5, for an indicated lid of four years, with three years in custody and one year of mandatory supervision, and dismissal of the other charges. The court advised defendant of his constitutional and statutory rights, defendant said he understood and waived his rights, and said no one made any promises or threats to get him to enter the plea, he did not have any physical or mental health issues that would prevent him from clearly thinking about his decision to enter the plea, and he did not have any questions. The court found defendant knowingly, intelligently, and voluntarily waived his constitutional rights and entered his plea.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

The court granted the People's motion to dismiss count 2 and the prior prison term enhancements. Defendant asked to be sentenced to four years without mandatory supervision.

On the same day, the court sentenced defendant to the upper term of four years in local custody for count 1, without any mandatory supervision, based on defendant's request and without objection.

The court imposed a $300 restitution fine (§ 1202.4 subd. (b)) and suspended the same amount pending successful completion of parole (§ 1202.45), and also imposed a criminal conviction assessment of $30 (Gov. Code, § 70373), and a court security fee of $40 (§ 1465.8, subd. (a)(1)).

**Motion to withdraw plea**

On or about November 7, 2019, defendant sent a letter to the trial court to withdraw his plea, claimed his attorney did not explain the plea agreement, and asked to file a notice of appeal.

On December 5, 2019, the trial court denied defendant's motion to withdraw his plea because he did not object to the plea agreement at the time of sentencing, and the time for filing a notice of appeal had run.

**Belated notice of appeal**

On December 17, 2019, defendant filed a petition with this court for a writ of habeas corpus for leave to file a belated appeal. Defendant asserted he was coerced into accepting the plea agreement, he was not taking his psychotropic medication at the time of his plea, and he was under the influence of methamphetamine when he entered his plea. Defendant also asserted his attorney visited him on August 29, 2019, and agreed to file a timely notice of appeal, but defendant learned the notice was not filed. The Attorney General conceded defendant stated a prima facie case for relief from default.

On February 21, 2020, this court granted defendant's petition to file a belated notice of appeal and request a certificate of probable cause, and directed defendant to file

these documents "on or before 60 days from the date of this opinion," and "if the notice and request are received on or before 60 days from the date of this opinion," the superior court was directed "to file the documents" and deem them as timely filed. (*In re Gary Bishop on Habeas Corpus* (Feb. 21, 2020, F080420) 2020 WL 878849 [nonpub. opn.])

On March 23, 2020, defendant, an inmate in county jail, signed and mailed, in pro. per., a notice of appeal and requested a certificate of probable cause, and claimed his attorney coerced him to enter the plea and he was under the influence of narcotics at the time of the plea. The notice was received by the superior court on May 19, 2020, and the request for a certificate was granted.[2]

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on January 21, 2021, we invited defendant to submit additional briefing. He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

[2] "The prison-delivery rule … provides that a self-represented prisoner's notice of appeal in a criminal case is deemed timely filed if, within the relevant period set forth in the California Rules of Court, the notice is delivered to prison authorities pursuant to the procedures established for prisoner mail. [Citation.]" (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 110, fn. omitted; Cal. Rules of Court, rule 8.25(b)(5) ["If the clerk receives a document by mail from an inmate or a patient in a custodial institution after the period for filing the document has expired but the envelope shows that the document was mailed or delivered to custodial officials for mailing within the period for filing the document, the document is deemed timely. The clerk must retain in the case file the envelope in which the document was received."].)